JOHN S. THEODOROU, Plaintiff-Appellee and Cross-Appellant, v. COMMUNITY BUILDERS, INC., Defendant-Appellant and Cross-Appellee.

(No. 55676;

First District—June 13, 1972.

*Rehearing denied June 27, 1972.*

Korshak, Rothman, Oppenheim & Finnegan, of Chicago, (Harry G. Fins, of counsel,) for appellant and cross-appellee.

Gale L. Marcus, of Chicago, for appellee and cross-appellant.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is an appeal and cross-appeal from a judgment order awarding the plaintiff, John S. Theodorou, $13,287.20.

On June 6, 1968, John S. Theodorou and his wife Maria, entered into a contract with Kenneth Alstad and his wife, Joanne, whereby the

Theodorous agree to purchase the Alstads' house for $96,000. The contract provided, *inter alia*, that the agreement was contingent upon the Theodorous' ability to obtain within thirty days, a $50,000 loan, amortized over twenty-five years. John Theodorou deposited $9,600 with the Community Builders, the broker and escrowee in the transaction.

The complaint filed by John Theodorou against Community charged that Theodorou was unable to procure the loan and that he was therefore entitled to a return of his deposit. Community answered, denying the plaintiff's inability to obtain the loan and affirmatively alleging that it had two lenders ready, willing and able to provide the necessary funds. The answer further charged that the plaintiff refused to avail himself of these offers. Kenneth Alstad's answer was to the same effect as Community's. Before the case came on for trial the plaintiff, without objection from any litigant, non-suited Alstad.

At the conclusion of the trial the court gave judgment in favor of plaintiff in the amount of $13,287.20, consisting of the earnest money deposit of $9600, $3200 attorney's fees, $343.20 court reporter's fees, and $144.00 interest.

Defendant contends that Joanne Alstad was a necessary party and that the court erred in awarding attorney's and court reporter's fees. In addition to answering the contentions of the defendant, the plaintiff has cross-appealed, asserting that the allowance for fees should be increased. In support of this contention, plaintiff says that this appeal is without merit and has been taken solely for the purpose of delay.

The defendant in support of its necessary party theory argues that the judgment affects the rights of Mrs. Alstad and that due process requires that she be joined as a party defendant, and that her omission subjects the defendant to the possibility of multiple litigation.

■■ The test of whether a party is necessary to a cause of action is whether the judgment would affect the rights or interests of the omitted party. (*Oglesby v. Springfield Marine Bank*, 385 Ill. 414, 52 N.E.2d 1000.) We do not perceive how Mrs. Alstad's rights can be affected by the money judgment. Although this suit is predicated on a contract to which Mrs. Alstad is a party, this, in and of itself, does not make her *indispensable*.

■■ The court resolved the rights of the plaintiff as against the defendant. This is not a case where the judgment deprives the omitted party of specific property (see *Georgeoff v. Spencer*, 400 Ill. 300, 79 N.E.2d 596 and *Henry DeCicco & Co. v. Drucker*, 101 Ill.App.2d 340, 243 N.E.2d 456), or impairs its ability to enforce a claim, (see "Joinder Of Parties and Consolidation Of Multiple Actions" 1967 U. Ill. L.F. 209 at 214-15).

The case of *Crescio v. Crescio*, 365 Ill. 393 at 395, 6 N.E.2d 628 at 629

is pertinent. There, the court, in dealing with the issue of whether an omitted party is indispensable, stated:

"* * * where objection to the non-joinder of necessary parties as parties defendant in chancery is not taken by demurrer or by plea or answer and is first made at the final hearing, such objection is not favorably received, and in such case to be of avail it must appear that the decree will have the effect of depriving the omitted party of his property rights. In *Gulick v. Hamilton,* 287 Ill. 367, it was held that where the interest of an omitted party in the subject matter of a suit and the relief sought are so bound up with that of the other parties as to make his presence absolutely necessary, the court will reverse the decree not on account of the defendant who makes the objection for the first time on appeal but because no effective decree can be made. Such rule, however, applies only where the decree will result in depriving the omitted party of some material rights without hearing."

■■■ Although the possibility of multiple litigation might constitute the basis for allowing the joinder of an omitted party, it does not affect or otherwise deprive Mrs. Alstad of rights thereby making her indispensable. The objection of non-joinder, made after judgment, comes too late and must therefore be rejected. See *Ebaloy, Inc. v. Square Deal Plumbing & Heating,* 27 Ill.App.2d 36, 169 N.E.2d 527.

■■■ We turn to a consideration of the part of the judgment taxing attorney's fees and court reporter's charges against defendant, pursuant to Section 41 of the Civil Practice Act. (Ill. Rev. Stat., 1967, ch. 110, sec. 41.) The taxing of reasonable attorney's fees and other expenses may be directed when the court finds that allegations or denials were made without reasonable cause and not in good faith. (*Grandys v. Spring Soft Water Conditioning Co.,* 101 Ill.App.2d 225, 242 N.E.2d 454.) The fact that the court resolves the factual issues adversely to the pleader does not necessarily establish that the allegations were made in bad faith or without reasonable cause. *Adams v. Silfen,* 342 Ill.App. 415, 96 N.E.2d 628.

■■ The evidence supports plaintiff's demand for a judgment for the amount of the deposit. The record, however, gives no support to the part of the judgment taxing attorney's fees and court reporter's charges against defendant under Section 41 of the Practice Act. Accordingly the judgment is modified by striking therefrom the allowance of $3200 and $343.20 (leaving the judgment in the amount of $9744) and as modified, the judgment is affirmed.

Judgment affirmed as modified.

GOLDBERG, P. J., and LYONS, J., concur.