BRANDEL REALTY COMPANY, Plaintiff-Appellee, v. O. WILLIAM OLSON, Defendant-Appellant.

Second District No. 2—86—0898

Opinion filed August 6, 1987.

Kurt A. Carlson, of Law Office of Kurt A. Carlson, of Glen Ellyn, for appellant.

Jack J. Carriglio, of Foran, Wiss & Schultz, of Chicago (Jeffrey C. Blumenthal, of counsel), for appellee.

JUSTICE INGLIS delivered the opinion of the court:

This is an appeal from a judgment awarding attorney fees and costs, pursuant to section 2—611 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) It is also an appeal from a judgment awarding prejudgment interest. We reverse both judgments.

Plaintiff, Brandel Realty Company, filed a five-count complaint against defendant, O. William Olson, for failure to pay off various promissory notes and for misrepresentation. One of the five counts was dismissed on defendant's motion. Plaintiff was granted a motion for summary judgment on three of the other counts and received a jury verdict on the remaining count.

After the trial court entered judgment on the verdict, plaintiff filed a motion for entry of an order assessing attorney fees and costs pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611). Defendant filed a motion to "strike, dismiss and/or deny" plaintiff's motion because it failed to contain the allegations necessary to establish the elements of a section 2—611 award and because a proper motion was not filed within 30 days of judgment. On June 15, 1984, plaintiff filed a memorandum in support of its motion for attorney fees. On July 26, 1984, defendant filed a reply to plaintiff's memorandum. On September 12, 1984, the court entered an order denying defendant's motion to dismiss.

On July 11, 1985, the trial court, after a hearing, entered an order granting plaintiff's motion for attorney fees and costs pursuant to section 2—611 and continued the action for the purpose of awarding an appropriate amount of attorney fees. The court also granted plaintiff's motion for an award of prejudgment interest in the sum of $15,392.91 and granted the plaintiff's verified bill of costs in an

amount of $458.30.

On August 20, 1985, plaintiff filed a petition for attorney fees and costs along with an affidavit of costs incurred. On September 5, 1985, defendant filed an answer to plaintiff's petition. At a hearing on May 29, 1986, plaintiff presented no evidence and stood on its petition and accompanying affidavits. Defendant made a motion for a directed finding on the basis that no evidence had been introduced to show the reasonableness of the fees sought. This motion was denied.

On August 25, 1986, the court entered an order awarding fees in the sum of $80,000 and costs in the sum of $4,000 and entered judgment in those amounts. Defendant appeals.

Initially of note is plaintiff's contention that this court should dismiss the present appeal because defendant has failed to include a record of the trial proceedings and evidentiary depositions. Defendant responds that the trial proceedings are not necessary to the appeal because the appeal concerns attorney fees. Defendant contends that the record is sufficiently complete for this appeal because it includes an adequate record of the proceedings related to the attorney fees. We agree.

■ A party who prosecutes an appeal has the duty of presenting to the court of review everything necessary to decide the issues on appeal. *Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 42.

■ Supreme Court Rule 321 sets forth that which is to be provided by a movant on an appeal:

> "The record on appeal shall consist of the judgment appealed from, the notice of appeal, and the entire original common law trial court record, unless the parties stipulate for, or the trial court, after notice and hearing, or the reviewing court, orders less. The trial court record includes any report of proceedings prepared in accordance with Rule 323 and every other document filed and judgment and order entered in the cause. There is no distinction between the common law record and the report of proceedings for the purpose of determining what is properly before the reviewing court. No assignment of errors or cross-errors is necessary." (107 Ill. 2d R. 321.)

Where the record on appeal does not show or purport to show all the evidence on which the decision of the trial court was based, it will be presumed by the reviewing court that the evidence omitted would support the decision of the lower court. *Village of Lakemoor v. First Bank* (1985), 136 Ill. App. 3d 35, 42-43.

The record submitted to this court complies with the basic re-

quirements of Rule 321. However, the record submitted does not contain a transcript of the proceedings on the merits of the original complaint. It does contain a transcript of the opening statements by Jack Carriglio, attorney for the plaintiff, and transcripts of proceedings that are related to the motion for attorney fees.

■ The fact that an incomplete record requires this court to presume that the evidence omitted supports the decision of the trial court (136 Ill. App. 3d 35, 42-43) does not lead to the conclusion that an appeal must be dismissed because of an incomplete transcript. Not all cases require a complete transcript of the proceedings on the merits. For example, there are cases that are decided on the pleadings alone. Thus, economy is best served by only requiring that the record on appeal contain that which is necessary. In the present case, the record provided is sufficient to determine whether the trial court erred in awarding attorney fees or prejudgment interest.

Defendant first contends that the trial court erred when it awarded $15,392.91 in prejudgment interest in its order of July 11, 1985. Defendant asserts that a stipulation entered into by the parties prior to trial precluded the award of prejudgment interest because it provided that "[t]he total amount advanced by [plaintiff] for [defendant] under this agreement is $148,723.77, including interest." In response, plaintiff contends that the stipulation only covered interest up until the time that the complaint was filed. We disagree.

■ A stipulation should be given its natural and ordinary meaning. (*People v. McAllister* (1975), 31 Ill. App. 3d 825, 826.) In the present case, the phrase "including interest" must, therefore, be given its natural and ordinary meaning. As a general rule, interest accrues from the time an obligation becomes due until the time of judgment. (See *Carson v. Rebhan* (1938), 294 Ill. App. 180, 183.) Thus, a jury would normally compute interest from the time the debt became due to the time of the judgment. There is no separation from the time when the debt becomes due to the time when the complaint is filed and the time the complaint is filed to the time when judgment is entered. This being the case, we conclude that the stipulation entered into by the parties included interest to the time of the judgment. This conclusion is further bolstered by section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1303), which provides for post-judgment interest to run from the time of judgment at a statutory rate. By providing for interest from the time of judgment to the time of satisfaction at a statutory rate, section 2—1303 implies that all prejudgment interest is to be considered as one amount running from the time the debt is incurred to the time that judgment is en-

tered. Consequently, since the stipulation entered into by the parties as to the amount of money advanced by plaintiff for defendant included interest, the stipulation must be read to have covered prejudgment interest incurred from the time the complaint was filed to the time of judgment. Accordingly, we reverse the order for prejudgment interest in the amount of $15,392.91.

Defendant next contends that the motion for attorney fees was insufficient because it did not specifically allege which of defendant's pleadings were false and it did not set forth the amount of fees sought. We agree.

Allegations within a motion for attorney fees must meet minimum requirements of specificity. (*Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1005; *Sarelas v. Alexander* (1971), 132 Ill. App. 2d 380, 386-87.) Specificity is necessary when the trial court is presented with motions for section 2—611 fees and costs since a responding party must have an opportunity to challenge and defend allegations of untruthful pleadings. (*Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1005.) Contrary to plaintiff's assertion, the fact that a trial court may award fees on its own motion (*Brokaw Hospital v. Circuit Court* (1972), 52 Ill. 2d 182, 185) does not negate the necessity of specificity in a motion for attorney fees.

■ In addition to giving a responding party an adequate opportunity to defend itself, specificity is required to ensure fair apportionment of attorney fees. (See *Bank of Naperville v. Holz* (1980), 86 Ill. App. 3d 533, 539.) Without knowing the false statements the award is being based on, neither a court nor a respondent can determine what fees resulted from the statements.

In the present case, plaintiff moved for an order "assessing an award of reasonable attorneys' fees and costs which were incurred by plaintiff by reason of the untrue and unreasonably made denials and affirmative allegations of fact in this action by defendant, exclusive of the costs taxed by the Clerk pursuant to the verified bill of costs filed herein." Nowhere in the motion does plaintiff specify what denials or affirmative allegations are untrue. The lack of such specificity deprived defendant of knowing what he was being charged with and further deprived him of the ability to adequately respond to such charges. The fact that the trial court ultimately found that there were false denials and false allegations made by the defendant is of no consequence. Respondent must adequately be apprised of the claim against him so that he can adequately respond. *Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 1005.

Plaintiff, in its brief, points out that it filed a memorandum in

support of its section 2—611 motion that set forth with particularity defendant's untrue and unreasonably made allegations. Thus, by way of argument in its brief, plaintiff seeks to have this court allow its memorandum to cure its motion. However, plaintiff cites no authority, nor has independent research found any authority, for the proposition that a memorandum can cure defects in a motion.

Plaintiff cites *Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, for the proposition that the amount of attorney fees sought did not have to be set forth in its motion. However, *Dayan* is not supportive of plaintiff's contention. While *Dayan* noted that the trial court ordered "a detailed breakdown of the fees and expenses incurred and sought to be awarded under section 2—611" after it granted a 2—611 petition, *Dayan* did not concern the propriety of the motion in that case. (126 Ill. App. 3d 11, 22.) Furthermore, *Dayan* does not reveal what the petition in that case did include with respect to fees sought. Therefore, *Dayan* is not conclusive as to whether a petition for attorney fees should contain the amount sought.

On the other hand, this court has indicated that a section 2—611 motion must allege the costs and fees that directly resulted from any untrue allegations. *Bank of Naperville v. Holz* (1980), 86 Ill. App. 3d 533, 539.

■ Accordingly, we hold that a section 2—611 petition for attorney fees must specifically state which statements or pleadings were falsely made and must further specify what fees resulted from such false statements or pleadings.

Defendant also argues that the court erred in awarding attorney fees because there was no evidentiary hearing as to the reasonableness of fees. In response, plaintiff contends that no hearing was required because a verified petition was presented to the court together with supporting affidavits. We disagree.

■ Plaintiff has cited Illinois Supreme Court Rule 191 (107 Ill. 2d R. 191) for the proposition that affidavits may constitute evidence. However, Rule 191 is not applicable to section 2—611 motions; rather, it is limited to proceedings under sections 2—1005, 2—619, and 2—301(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1005, 2—619, 2—301(b)). (107 Ill. 2d R. 191; *Marquette National Bank v. B. J. Dodge Fiat, Inc.* (1985), 131 Ill. App. 3d 356, 362.) The general rule is that affidavits are not competent evidence and should not be considered by the court as trier of fact. (*In re Estate of Hartman* (1978), 65 Ill. App. 3d 380, 385; see also *Schott v. Short* (1971), 131 Ill. App. 2d 854, 858.) Moreover, the use of affidavits to establish attorney fees in lieu of evidence presented at a hear-

ing has been rejected. *Board of Managers, Colony West Townhome Owners Association v. Bucalo* (1979), 69 Ill. App. 3d 287, 289.

■■ In the present case, plaintiff stood on his petition and accompanying affidavits and presented no evidence as to the reasonableness of the fees. Though it appears that the petition and affidavits filed in the present case are more extensive than those filed in *Board of Managers*, the trial court erred in not requiring the plaintiff to produce evidence as to the reasonableness of the fees. The reasonableness of attorney fees is a matter of proof which should be subject to cross-examination. *Adams v. Silfen* (1951), 342 Ill. App. 415, 420.

In accordance with the foregoing discussion, we reverse the award of attorney fees.

Reversed.

LINDBERG, P.J., and NASH, J., concur.