G.M. SLOAN MOSAIC AND TILE COMPANY, Plaintiff-Appellee, v. NEWMAN/LUSTIG AND ASSOCIATES, Defendant-Appellant (Michael Lustig, Appellant).

First District (3rd Division)   No. 1—88—3139

—Modified on denial of rehearing July 18, 1990.

Opinion filed May 23, 1990.

Arvey, Hodes, Costello & Burman, of Chicago (Lawrence C. Rubin and Frank P. Tighe III, of counsel), for appellants.

Landau, Omahana & Kopka, Ltd., of Chicago (Susan Gunty and Nancy Salomone, of counsel), for appellee.

520

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Plaintiff, G.M. Sloan Mosaic & Tile Co., recovered breach of contract damages after a jury trial against defendant, Newman/Lustig & Associates. Michael Lustig (Lustig) and defendant appeal from the trial court's award of attorney fees and costs against them, and defendant also appeals from an award against it of prejudgment interest.

Plaintiff's amended complaint alleged that defendant owed plaintiff $13,100 under a contract for goods and services but refused repeated demands for payment.

Defendant's answer, which was verified by Lustig as defendant's president and which was filed on August 18, 1986, denied that plaintiff provided any services and materials to it, that plaintiff demanded payment, that defendant refused to pay, that defendant entered into any agreements with plaintiff, and that defendant was liable for the debt. Defendant alleged that any services were provided to Gardner & North Construction Company (Gardner) and that inadequate materials provided by plaintiff were delivered late and in a disruptive manner that injured defendant.

Plaintiff moved for summary judgment on January 22, 1988. The supporting affidavit of Jerry Janik, an employee of plaintiff, swore that Atul Karkanis signed the contract and that plaintiff performed the resilient tiling work according to the contract. Defendant's response to the motion filed March 24, 1988, argued that there were disputed issues of fact whether plaintiff had an action against defendant or against Gardner and whether plaintiff was entitled to recover due to its failure to timely perform the contract. Lustig's supporting affidavit was also filed March 24, 1988, and stated that: (1) Gardner was the general contractor in connection with construction work performed at K&S Photographics, Inc.; (2) defendant was the architect; (3) Gardner orally employed plaintiff to perform the tile subcontract; (4) plaintiff failed to perform the work prior to December 28, 1984; (5) plaintiff requested a written confirmation of the contract that was prepared with a definite completion date of January 4, 1985; (6) plaintiff did not complete the work until March 1, 1985; (7) plaintiff never completed all the required work; and (8) Atul Karkanis was Gardner's employee and was not authorized to contract on behalf of defendant.

Plaintiff's motion for summary judgment was denied, and on June 23, 1988, a jury returned a verdict in favor of plaintiff for $12,400. The trial transcript does not appear in the record, but filed as a supplemental record by plaintiff was a copy of defendant's exhibit No. 1,

a May 7, 1985, letter in which plaintiff requested payment of $12,400 from Lustig prior to anything being "done about the 2nd or 3rd. [*sic*] floor."

Plaintiff filed a motion on July 19, 1988, for attorney fees and expenses pursuant to section 2—611 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—611) on the basis that defendant's verified answer denied that plaintiff provided any services and materials to defendant, that defendant owed plaintiff $13,100, that plaintiff demanded payment, and that defendant refused to pay. Plaintiff argued that defendant had no reasonable cause to make these denials and that the jury had found these denials to be untrue. Plaintiff further argued that defendant's failure to produce any credible evidence to establish its denial of its contractual allegations demonstrated that defendant knew its denials were false. Allegedly as a result of these denials, plaintiff had to proceed to trial to collect the debt at a cost of $7,329.67. Attached as an exhibit to the motion was an itemized statement of plaintiff's attorney's services, which included pretrial work.

Plaintiff also filed a motion for an award of prejudgment statutory interest of $2,089.02. Plaintiff argued that the contract was an instrument of writing within the meaning of the Illinois statute governing payment of prejudgment interest (Ill. Rev. Stat. 1987, ch. 17, par. 6402) and that the amount of the debt was ascertainable.

The trial court found that plaintiff was entitled to prejudgment interest because the amount of the debt was easily ascertainable by simple and certain computation, because an exhibit admitted into evidence indicated that this amount was demanded prior to the completion of further work, and because defendant made no effort to settle or to participate meaningfully before pretrial conferences.

After plaintiff's attorney testified that the total attorney fees would be $7,329.67, the trial court granted the motion for attorney fees. The trial court noted that Lustig had "invited" the lawsuit, found that defendant's defense was frivolous, and imposed sanctions of fees of $6,920 and disbursements of $380.64 against Lustig personally.

Lustig and defendant argue on appeal that: (1) the trial court erred in imposing sanctions against Lustig because the version of section 2—611 in effect at the time defendant filed its answer subjected only the *party* pleading the untrue allegations to sanctions (Ill. Rev. Stat. 1985, ch. 110, par. 2—611); (2) the trial court violated Lustig's due process rights to notice and the opportunity to defend himself because plaintiff had sought fees only against defendant and not against

Lustig; (3) plaintiff did not allege or establish that defendant's denials were untrue; (4) the verdict in plaintiff's favor was insufficient under section 2—611 to establish an untrue denial; (5) the fact that the verdict was for an amount less than that prayed for demonstrated as a matter of law the reasonableness of defendant's denial of damages and that defendant's answer was not sanctionable; (6) the jury's verdict in a smaller amount demonstrated that even if defendant had admitted liability, defendant was entitled to a trial on damages, and that, therefore, sanctions were improper because plaintiff's trial expenses could not have been caused by defendant's pleading; and (7) plaintiff provided a statement of all the fees and costs incurred without designating those expenses it incurred as a result of defendant's denial of liability.

■ Procedural due process requires notice, an opportunity to respond, and a hearing before sanctions may be imposed. (See *Roadway Express, Inc. v. Piper* (1980), 447 U.S. 752, 767, 65 L. Ed. 2d 488, 501-02, 100 S. Ct. 2455, 2464 (attorney fees should not be assessed as a sanction without fair notice and an opportunity for a hearing on the record); *Miranda v. Southern Pacific Transportation Co.* (9th Cir. 1983), 710 F.2d 516, 522 (sanctions should not be imposed against attorneys without notice, an opportunity to respond, and a hearing).) Sanctions were sought by plaintiff only against defendant so that nonparty Lustig did not have fair notice, prior to the trial court's *sua sponte* imposition of sanctions against him, of the possibility that he would be sanctioned. Lustig was thereby deprived of a meaningful opportunity to defend his actions. On this basis, the trial court's imposition of sanctions against Lustig is reversed.

■ It is also argued that sanctions could not be imposed because the untruth of the denial was not established because the verdict was less than what was prayed for in the complaint. It is argued that the jury verdict in favor of plaintiff is insufficient to establish the untruth of defendant's denial, but the cases cited do not so hold; instead, they hold that the resolution of issues in favor of the movant for sanctions does not necessarily establish that the respondent acted without reasonable cause or in bad faith. (*Tower Oil & Technology Co. v. Buckley*, 99 Ill. App. 3d 637, 650, 425 N.E.2d 1060 (reasonable cause); *Farnor v. Irmco Corp.* (1979), 73 Ill. App. 3d 851, 858-59, 392 N.E.2d 591 (bad faith); *Laff v. Chapman Performance Products, Inc.* (1978), 63 Ill. App. 3d 297, 314, 379 N.E.2d 773 (without reasonable cause); *Theodorou v. Community Builders, Inc.* (1972), 6 Ill. App. 3d 277, 280, 285 N.E.2d 474 (bad faith or without reasonable cause).

■ Review of the issue whether defendant's answer was untrue

is hampered because of the absence from the record of the trial transcript, which would have indicated the reason for the smaller verdict. (*Cf. Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 234, 512 N.E.2d 85 (record that did not include transcript of all the proceedings on the merits of the original complaint was sufficient for review of sanctions and prejudgment interest issues).) Defendant and Lustig argue that the verdict was less than what was sought because of plaintiff's untimely performance, but there is nothing in the record to support this argument. It can only be presumed from this record that the jury rejected defendant's defense because it rendered a verdict in substantially the amount prayed for by plaintiff.

It is also argued that the fact that plaintiff was not awarded the entire amount sought demonstrated that a trial on damages was mandated and that the trial expenses were not the result of defendant's pleading. Defendant and Lustig cite *Farwell Construction Co. v. Ticktin* (1980), 84 Ill. App. 3d 791, 810, 405 N.E.2d 1051, in support, but in that case section 2—611 sanctions were not in issue; rather, in the context of the prejudgment interest statute, the court found the significant difference between the amount awarded and the amount demanded was an indication that the owed amount was not readily ascertainable.

█ If false allegations made without reasonable cause are the "cornerstone of the entire baseless lawsuit," it can be said that the expenses and fees incurred in defending the suit were incurred by reason of the untrue pleadings, and an "isolated focus on each reimbursable component" is not necessary. (*Dayan v. McDonald's Corp.* (1984), 126 Ill. App. 3d 11, 23-24, 466 N.E.2d 945; see also *Mari v. Westinghouse Broadcasting Co.* (1989), 179 Ill. App. 3d 321, 323, 534 N.E.2d 526 (the false allegations were not the cornerstone of the entire action so that there would have been no dispute about them).) In *Dayan*, plaintiff's challenge to certain fees as not directly relating to the untrue allegations in particular paragraphs of the complaint was rejected on this basis.

█ The trial transcript would probably have been pertinent on the issue of the necessity for a trial on damages. Appellant did not file a complete record on appeal that is required by Supreme Court Rule 321 (107 Ill. 2d R. 321 (the record on appeal shall include the entire original common law trial court record)), and it is the appellant's duty to present everything necessary to decide the issues on appeal (*Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 233, 512 N.E.2d 85). The amount of the verdict was close enough to what was sought that it should be presumed that the jury found substan-

tially in favor of plaintiff, and it should be concluded that but for the untrue pleading, plaintiff would not have incurred the trial expenses.

This conclusion also provides the basis for rejecting the other argument that plaintiff was not entitled to an award of fees and expenses because it did not differentiate between those fees incurred as a result of the denial of liability and as a result of the denial of the claimed damages. But the additional argument that the trial court erred in awarding costs and fees incurred by plaintiff prior to receiving the amended answer can be addressed.

The version of section 2—611 that was in effect at the time of defendant's answer provided that the pleading party was subject to the payment of expenses incurred by reason of the untrue pleading. (Ill. Rev. Stat. 1985, ch. 110, par. 2—611.) The statute did not authorize expenses incurred prior to the untrue pleading. Plaintiff cites *Dayan* (126 Ill. App. 3d at 23-24), which rejected a claim that legal work not directly related to untrue allegations was not compensable under section 2—611 on the basis that an isolated focus on each reimbursable component part of preparation and trial was unnecessary where the false allegations made without reasonable cause were the cornerstone of the entire baseless lawsuit. But the sanctioned party in *Dayan* did not challenge prepleading expenses (in fact, plaintiff could not have done so because the false allegations were contained in his complaint which initiated the lawsuit).

■ We hold that the trial court could award only those expenses incurred by reason of the untrue answer, *i.e.*, those incurred after the filing of defendant's answer. Defendant suggests that expenses following only the amended answer could be awarded, but the first answer also denied liability and asserted that services and goods had been provided by plaintiff to a third party. More importantly, plaintiff requested sanctions because of defendant's answer rather than the amended answer.

■ Defendant next argues that the trial court erred and abused its discretion in awarding prejudgment interest because the amount due was ascertainable only by a jury and that the jury's refusal to award plaintiff the full amount sought precluded the recovery of prejudgment interest because it demonstrated that the amount due was not liquidated. One of plaintiff's responsive arguments is that prejudgment interest was proper because defendant withheld money by an unreasonable and vexatious delay of payment.

The statutory prejudgment interest provision states:

> "Creditors shall be allowed to receive at the rate of five (5) per centum per annum for all moneys after they become due on

any bond, bill, promissory note, or other instrument of writing; on money lent or advanced for the use of another; on money due on the settlement of account from the day of liquidating accounts between the parties and ascertaining the balance[;] on money received to the use of another and retained without the owner's knowledge; and on money withheld by an unreasonable and vexatious delay of payment." Ill. Rev. Stat. 1987, ch. 17, par. 6402.

A claimant must either establish the debtor's fraudulent conduct or show that his opponent threw obstacles in the way of collection or otherwise induced claimant to delay collection proceedings. (*Pietka v. Chelco Corp.* (1982), 107 Ill. App. 3d 544, 558, 437 N.E.2d 872.) The trial court made the finding that defendant was vexatious by its refusal to pay. Defendant challenges the trial court's finding as incompatible with the jury's verdict for less than the amount claimed. Defendant also argues that without a trial it could not determine how much, if anything, it owed to plaintiff.

■ Without the trial record, it must be presumed that the trial court's finding of vexatious and unreasonable delay of payment was supported by the evidence. (See *Brandel Realty Co. v. Olson* (1987), 159 Ill. App. 3d 230, 233, 512 N.E.2d 85 (where the record on appeal does not show or purport to show all the evidence on which the decision of the trial court was based, it will be presumed by the reviewing court that the evidence omitted would support the decision of the lower court).) Such a finding is not necessarily incompatible with a verdict of less than that demanded by the complaint, at least where the difference between the amounts is not significant. The smaller verdict demonstrates defendant's liability for some amount and does not mean that, as a matter of law, defendant could not have been vexatious and unreasonable in delaying payment. The award of prejudgment interest can therefore be upheld on the basis of defendant's vexatious and unreasonable conduct.

The order awarding fees and expenses against Lustig personally is reversed, the order awarding prejudgment interest is affirmed, and the cause is remanded in order for the trial court to enter an award of sanctions against only Newman/Lustig & Associates in the amount of expenses incurred by plaintiff after defendant filed its original answer.

Reversed in part; affirmed in part and cause remanded.

RIZZI and WHITE, JJ., concur.