COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Chaney, White and Senior Judge Annunziata
Argued at Fairfax, Virginia


AQM GOLAM FARUQUE, ET AL.

MEMORANDUM OPINION* BY
v.        Record No. 1682-22-4            JUDGE VERNIDA R. CHANEY
                                          FEBRUARY 18, 2025

FAZLE BHUIYAN, ET AL.


FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
James E. Plowman, Jr., Judge

Thomas K. Plofchan, Jr. (Jacqueline A. Kramer; Westlake Legal
Group, PLLC, on briefs), for appellants.

No brief or argument for appellees.[1]


Joshua R. Grossman, nominally for the plaintiffs Aqm Golam Faruque and Nasreen Neazi,

appeals the circuit court's order imposing sanctions on him under Code § 8.01-271.1.  He argues (1)

that his conduct was not sanctionable and (2) that he was not given adequate notice and opportunity

to be heard before the circuit court imposed sanctions.  We agree with Grossman's second

argument.  Therefore, this Court reverses the circuit court's judgment.

BACKGROUND

In May 2021, Faruque and Nasreen Neazi sued Fazle Bhuiyan and Fazbhu, Inc., for multiple

claims arising from the parties' partnership operating a convenience store.  The plaintiffs filed the

complaint and amended complaint against the defendants, with Westlake Legal Group acting as

their counsel.  The defendants filed a verified counterclaim to the plaintiffs' amended complaint.

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

[1] The appellees' counsel withdrew their representation during the pendency of this
appeal.  The appellees have not filed any papers in this Court.

On December 16, 2021, plaintiffs' counsel Thomas Plofchan deposed defendant Bhuiyan, who was represented by counsel. During the deposition, Plofchan repeatedly asked Bhuiyan whether he personally drafted the defendants' counterclaim himself. Each time, Bhuiyan answered that he had written the counterclaim.

After a few exchanges on the matter of the counterclaim's authorship, Bhuiyan's counsel had the record stopped. When the parties went back on the record, Bhuiyan's counsel said that "there were some misunderstandings and my client did say some things that he would like to recant and to clarify the record so—and this goes to who typed up the counterclaim." Before Bhuiyan had an opportunity to clarify his testimony, Plofchan terminated the deposition. Later on, Plofchan contacted the Virginia State Bar's ethics hotline a few times to determine the ethical obligations of Bhuiyan's counsel given his belief that the defendant made false statements that he, not his counsel, drafted the counterclaim. Subsequently, the plaintiffs moved to disqualify Bhuiyan's counsel on the grounds that she was a witness to Bhuiyan's purported misrepresentations concerning the drafting of the counterclaim. Another Westlake attorney, Joshua Grossman, signed the motion.

At the hearing on the motion to disqualify Bhuiyan's counsel, Westlake attorney Jacqueline Kramer—rather than Grossman—argued for the plaintiffs.[2] The circuit court denied the motion and then invited argument over whether it should impose sanctions by granting Bhuiyan the attorney fees incurred by defending against it. Following argument, the circuit court found that the plaintiffs' motion was not well-grounded in fact or law and was made to obtain an improper tactical advantage. Thus, the circuit court granted Bhuiyan attorney fees.

The plaintiffs then moved the circuit court to reconsider denying their motion to disqualify and sua sponte imposing sanctions. The circuit court denied that motion and imposed sanctions of

_____

[2] In their briefing before the circuit court, the parties disputed whether Grossman was present at the hearing on the motion to disqualify, despite his not presenting argument. The circuit court did not find that Grossman was present at the hearing.

$5,719.50. Westlake objected, arguing that the circuit court could only impose sanctions on Grossman, not the firm, because he was the only signatory on the motion to disqualify. The circuit court amended its order to impose sanctions only upon Grossman. The circuit court clarified that its reason for imposing sanctions "was grounded in the conduct during the deposition," but did not make any findings particular to Grossman's conduct. Grossman appeals.

ANALYSIS[3]

Grossman assigns several errors to the circuit court that we consider as two categories. First, he argues that the circuit court erred by finding his conduct sanctionable. Second, he argues that he did not receive adequate notice and opportunity to be heard before the circuit court imposed sanctions. This Court agrees with Grossman's second argument because the circuit court's sua sponte request for Kramer to immediately argue against sanctions did not give Grossman notice and opportunity to be heard on whether *he* would be sanctioned. Since we agree that Grossman did not receive adequate notice and opportunity to be heard we do not address whether his conduct was sanctionable. *See, e.g.*, *Frederick Cnty. v. Va. Dep't of the Treasury*, 81 Va. App. 102, 109 n.3 (2024) ("[W]e decide cases 'on the best and narrowest grounds available.'" (alteration in original) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015)).

By signing a motion, an attorney certifies that "after reasonable inquiry," the attorney believes the motion "is well grounded in fact and is warranted by existing law or a good faith

---

[3] This Court has jurisdiction over this appeal because the circuit court's December 2022 order was a final order with respect to Grossman. *See Vinson v. Vinson*, 41 Va. App. 675, 684 (2003) (finding that the award of attorney fees "resolv[ed] all the issues involving sanctions against appellant, while leaving the underlying divorce action unresolved, [making it] an appealable interlocutory order within the meaning of Code § 17.1-405(4)"). We reject Grossman's argument that the circuit court lacked personal jurisdiction over him when it sanctioned him for a motion he filed in that court. By signing a motion and filing it with the circuit court, Grossman acquiesced to the court's personal jurisdiction.

argument for the extension, modification, or reversal of existing law" and "is not interposed for any improper purpose." Code § 8.01-271.1(B). If a motion violates the statute, the circuit court, "upon motion or upon its own initiative, shall impose upon the person who signed the paper or made the motion, a represented party, or both, an appropriate sanction." Code § 8.01-271.1(D). The circuit court may impose sanctions only upon the "person" who signed "or made the motion." *Id.* The definition of "person" "include[s] individuals," "partnership[s]," "association[s]," "or any other legal or commercial entity." Code § 8.01-2(5) (definitions for Title 8.01).[4]

The circuit court's decision to impose sanctions is reviewed for an abuse of discretion. *Nestler v. Scarabelli*, 77 Va. App. 440, 452 (2023). A court abuses its discretion if it (1) makes a legal error, (2) ignores a relevant factor, (3) gives weight to an irrelevant or improper factor, or (4) commits a clear error in judgment. *Id.* Grossman alleges that he did not receive notice of sanctions in a way that comports with due process. "'Whether a person has been deprived of due process [when they were not afforded the opportunity to be heard] is a question of law' that we review de novo." *Cnty. of Henrico v. O'Neil*, 75 Va. App. 312, 331 (2022) (quoting *Bragg Hill Corp. v. City of Fredericksburg*, 297 Va. 566, 585 (2019)). Therefore, the circuit court's failure to provide Grossman with adequate notice and an opportunity to be heard would be a legal error and so an abuse of discretion.

"[A]ttorney's fees . . . should not be assessed lightly or without fair notice and an opportunity for a hearing on the record." *Mulugeta v. Ademachew*, 407 F. Supp. 3d 569, 595 (E.D. Va. 2019) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)). Code § 8.01-271.1 does not explicitly state how much notice must be given to an attorney before the circuit court

---

[4] Our analysis may have been different if we were addressing the circuit court's ability to sanction the law firm rather than an individual attorney.

can impose sanctions. However, assuming without deciding that *Kramer* received adequate notice, a survey of authorities from this and other jurisdictions—where neither statute nor rule has an explicit textual notice requirement—shows that *Grossman* did not.

Generally, imposing monetary sanctions requires giving the sanctioned party notice and an opportunity to be heard. *Cf. Westlake Legal Grp. v. Flynn*, 293 Va. 344, 353 (2017) ("We will accordingly affirm the judgment of the circuit court and remand the case to that court with direction, after due notice and hearing, to impose such additional sanctions as the court finds appropriate . . . ."); 4C Michie's Jurisprudence, *Constitutional Law* § 142 ("Ordinarily a party about to be sanctioned is given an opportunity to explain the default or to argue for a lesser penalty."); 2 Moore's Fed. Prac. & Proc. § 18.64[1] (before "imposing a sanction, a court must give the disobedient party sufficient advance notice and an opportunity to be heard" (citing *Discon, Inc. v. NYNEX Corp.*, 4 F.3d 130, 134 (2d Cir. 1993))).

In Virginia, this Court has found the notice requirement satisfied in the Code § 8.01-271.1 context where there was a written request for attorney fees. In *Henry v. Dominion Towing & Recovery*, No. 1060-22-4, slip op. at 7, 2023 Va. App. LEXIS 212, at *9-10 (Apr. 4, 2023),[5] this Court held that a "written plea in bar . . . explicitly request[ing] 'attorney's fees for defending [against a] frivolous claim under Va. Code § 8.01-271.1'" provided adequate notice. This Court also pointed out that the request for attorney fees was made almost two months before the initial hearing on the plea-in-bar and had to be set for a *second* hearing three weeks after that. *See id.* at 7, 2023 Va. App. LEXIS 212, at *10 (noting that defendants had filed the plea-in-bar March 31, which was set to be argued May 27, and was reset for June 17). While recognizing

---

[5] "Although not binding precedent, unpublished opinions can be cited and considered for their persuasive value." *Castillo v. Loudoun Cnty. Dep't of Fam. Servs.*, 68 Va. App. 547, 568 n.7 (2018) (quoting *Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012)); *see also* Rule 5A:1(f).

that Code § 8.01-271.1 "does not require a party to file a written motion before a circuit court may award sanctions," this Court found that the appellant had adequate "opportunity to respond." *Id.*

Courts around the country have similarly held that a sanctioned party must be given notice and the opportunity to be heard on the issue of sanctions. *See, e.g.*, *G.M. Sloan Mosaic & Title Co. v. Newman/Lustig & Assocs.*, 557 N.E.2d 403, 405 (Ill. App. Ct. 1990) ("Sanctions were sought by plaintiff only against defendant so that nonparty Lustig did not have fair notice, prior to the trial court's *sua sponte* imposition of sanctions against him, of the possibility that he would be sanctioned."); *Gossett v. Firestar Affiliates*, 637 N.Y.S.2d 779, 779 (N.Y. App. Div. 1996) ("[T]he appellants were not given a reasonable opportunity to be heard prior to the court's *sua sponte* imposition of the sanction."); *Steele v. Mengelkoch*, 2008 Minn. App. Unpub. LEXIS 927, at *7 (Aug. 5, 2008) ("Under Minn. R. Civ. P. 11.03(a)(2), a court may sua sponte initiate rule 11 proceedings, but the party subject to possible sanctions must receive notice and an opportunity to respond.");[6] *Boutain v. Peterson*, 2022 Minn. App. Unpub. LEXIS 348, at *8 (May 31, 2022) ("The to-be-sanctioned party must then have an opportunity to be heard on the issue before the district court imposes sanctions.").

While Federal Rule of Civil Procedure 11(c) generally requires notice and a reasonable opportunity to be heard, it does not so specify when the trial court imposes sanctions "on its own initiative." *Compare* Fed. R. Civ. P. 11(c)(1), *with id.* at 11(c)(3). Even when a federal court decides on its own to impose sanctions, however, an attorney still *must* be given the chance to defend themselves. "[A]ttorney's fees certainly should not be assessed lightly or without *fair*

---

[6] As in Virginia, Minnesota law allows unpublished opinions to be considered for their persuasive value. *See, e.g.*, *State v. Jonsgaard*, 949 N.W.2d 161, 169 n.9 (Minn. Ct. App. 2020) ("These unpublished opinions are non-precedential and cited for their persuasive value only."); Minn. R. Civ. App. P. 136.01, subd. 1(c).

notice and an opportunity for a hearing on the record." *Roadway Express*, 447 U.S. at 767

(emphasis added). The Tenth Circuit held that the Due Process Clause of the Fifth Amendment

to the United States Constitution

> requires that an attorney facing sanctions in federal court be given
> notice and an opportunity to be heard before final judgment. . . .
> [P]rior to imposing fees and costs upon an attorney for whatever
> reason, the district court should provide the attorney with an
> opportunity to fully brief the issue.

*G.J.B. & Assocs. v. Singleton*, 913 F.2d 824, 830 (10th Cir. 1990). The Ninth Circuit reversed an

award of attorney fees where the "court did not provide the attorneys with an opportunity to

show cause . . . before imposing the sanctions." *Miranda v. Southern Pac. Transp. Co.*, 710 F.2d

516, 523 (9th Cir. 1983). The Eighth Circuit held that "the district court abused its discretion by

imposing sanctions against [an attorney] without first providing [her] with notice the court was

considering sanctions against her in violation of [her] right to procedural due process." *Baycol

Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 809 (8th Cir. 2005). Conversely, the Seventh

Circuit upheld the imposition of sanctions where notice from the court "'inform[s] the person

that [they are] in jeopardy of being sanctioned by the court.' . . . Given the parties' submissions

and the district court's actions and remarks on the record, it should have been obvious to [the

attorney] that sanctions were on the table." *Vega v. Chicago Bd. of Educ.*, 109 F.4th 948, 955

(7th Cir. 2024) (first alteration in original) (quoting *In re Rimsat, Ltd.*, 212 F.3d 1039, 1045 (7th

Cir. 2000)).

The Illinois Court of Appeals's reversal of attorney fees imposed against the president of

a defendant company is particularly instructive. *G.M. Sloan*, 557 N.E.2d at 404. There, plaintiff

sued Newman/Lustig & Associates for breach of contract. *Id.* Michael Lustig (Lustig) was

defendant's president, but was not himself party to the litigation—although he did sign off on the

defendant's defenses. *Id.* Defendants lost at trial and plaintiff requested fees against defendants

for making false representations in its defense. *Id.* at 404-05. On its own initiative, the "trial court noted that Lustig had 'invited' the lawsuit, found that defendant's defense was frivolous, and imposed sanctions . . . against Lustig personally." *Id.* at 405. The Illinois Court of Appeals held that sanctions "were sought by plaintiff only against defendant so that nonparty Lustig did not have fair notice, prior to the trial court's *sua sponte* imposition of sanctions against him, of the possibility that he would be sanctioned." *Id.* The fact that Lustig was president of the defendant company and had signed off on its defenses did not bear on the analysis.

So too here. Grossman was an associate at the plaintiffs' law firm, Westlake, where he signed the motion to disqualify the defendants' counsel. The survey of the caselaw thus supports Grossman's argument that an attorney must be notified the circuit court was considering imposing sanctions on him and have the opportunity to respond to the possibility of sanctions—an opportunity that Grossman was denied. Immediately after the circuit court denied the motion to disqualify Bhuiyan's counsel, the court told Kramer that it was considering imposing Bhuiyan's attorney fees as a sanction and asked if she wanted "to be heard on that." Kramer then argued against sanctions. Notice to one attorney, Kramer, cannot be imputed to another attorney, Grossman, by their mere employment at the same law firm. Additionally, Kramer was not Grossman's legal representative, and her argument against sanctions does not waive Grossman's own opportunity to argue against the circuit court's sanctions. The caselaw makes clear that the circuit court must give notice directly to the attorney to be sanctioned and allow that attorney to defend against the sanctions.

Upon filing the motion for reconsideration, the circuit court failed to provide Grossman with the necessary opportunity, that he was entitled to, to argue against the imposition of sanctions in his own right. The authorities surveyed above show that this opportunity must be given to an attorney of sanctions *before* they are imposed. The record, therefore, shows that the

circuit court failed to provide Grossman both with notice and an opportunity to argue against the sanctions to be imposed against him.  The circuit court therefore erred by imposing sanctions on him.

CONCLUSION

For these reasons, this Court reverses and vacates the circuit court's judgment imposing attorney fees upon Grossman.

*Reversed and vacated.*