SERVICE ADJUSTMENT COMPANY, INC., Plaintiff-Appellant, v. UNDERWRITERS AT LLOYD'S, LONDON, *et al.*, Defendants-Appellees (Josephine L. Washington, Defendant).

First District (2nd Division)  No. 1—88—0586

Opinion filed October 16, 1990.

Michael J. Dudek, of Chicago, for appellant.

Lord, Bissell & Brook, of Chicago (Hugh C. Griffin and Kathryn G. Montgomery, of counsel), for appellees.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

Plaintiff-appellant Service Adjustment Company appeals from an order granting summary judgment in favor of defendants Underwriters at Lloyd's, London (Underwriters) and GAB Business Services, Inc. (GAB), in an action to recover $9,561.85 under the terms of a written assignment of fire insurance proceeds. The issues raised are (1) whether summary judgment in favor of Underwriters should be affirmed because plaintiff's notice of appeal omitted Underwriters as an appellee; (2) whether summary judgment in favor of GAB should be affirmed because GAB is a disclosed agent of Underwriters; (3) whether summary judgment in favor of defendants was properly granted on the ground that the purported assignment was an unenforceable contract to make a future assignment; (4) whether summary judgment was properly granted on the ground that the purported assignment was an unenforceable partial assignment; (5) whether summary judgment was properly granted under the probate bar statute because plaintiff never filed a claim against John Washington's estate; (6) whether summary judgment was properly granted on the ground that defendants settled the insurance claim with John Washington's estate pursuant to court order; (7) whether summary judgment was properly granted on the ground that plaintiff waived any claim against defendants by failing to file a claim in the probate proceed-

ings and failing to intervene in the circuit court action brought by the administrator of John Washington's estate against defendants; and (8) whether summary judgment was properly granted on the ground that the purported assignment failed to comply with the fire adjusters statute. We reverse and remand.

On January 17, 1982, a building owned by John Washington was damaged by fire. The building was insured by Underwriters, and GAB was retained by Underwriters to investigate and adjust the loss.

Sometime after the fire, John Washington entered into a written agreement with plaintiff, which provided as follows:

"Service Adjustment Company, Inc. is authorized to repair and replace the fire damage to my building at 6433-35 S. Chappel, Chicago, after my approval of the repair plans and specifications. It is understood when these repairs are completed the building is to be in as good condition as before the fire.

There is to be no charge whatever for adjusting the claim against the insurance companies, and the repairs are to be made for an amount equal to the whole loss and damage agreed upon by the Insurance Companies.

In the event that Service Adjustment Company, Inc. does not repair the building, I hereby assign and set over unto Service Adjustment Company, Inc. ten (10) per cent of the amount of the adjusted claim, plus any emergency work ordered for the adjustment, preparation and negotiation of my claim. A copy of Ill. Act. P.A. 77—1725 has been provided and understood and I hereby acknowledge receipt of notice."

John Washington's signature and plaintiff's name and address appear on the agreement.

John Washington subsequently died, and Josephine Washington, as administrator of his estate, sued a number of parties, including Underwriters, to recover the insurance proceeds. That suit was settled and releases were executed on January 9, 1984. On February 7, 1984, pursuant to a court order, a settlement check for $66,158.50 was issued to Talman Home Federal Savings and Loan, Josephine Washington, and her attorney.

Plaintiff commenced the present action on March 6, 1987, alleging that it had performed emergency work on the building, but performed no other repair work; that on or about February 8, 1982, it furnished GAB with a copy of the agreement signed by John Washington; and that notwithstanding GAB's knowledge of the agreement, GAB failed to honor it and wrongfully tendered the full amount of the settlement to John Washington's estate. Plaintiff sought to recover 10% of the

settlement amount plus other costs, totaling $9,561.85.

Defendants moved for summary judgment on several grounds and the trial court granted the motion with respect to both Underwriters and GAB in an order dated January 6, 1988, without stating its reasons or findings of fact. Plaintiff filed a notice of appeal, which described the order appealed from as "[t]he Order of January 6, 1988, which granted Summary Judgment for Defendant, GAB BUSINESS SERVICES, INC, and dismissed GAB as a defendant." The notice of appeal did not specify that the order also granted summary judgment in favor of Underwriters and that plaintiff was appealing from that portion of the order as well.

I

■ Defendants maintain first that summary judgment in favor of Underwriters must be affirmed under Illinois Supreme Court Rule 303(c)(2) (107 Ill. 2d R. 303(c)(2)), because plaintiff's notice of appeal specified an appeal only from the portion of the order granting summary judgment in favor of GAB. We disagree.

Omission of one appellee in a notice of appeal is *de minimis* error cured by the missing appellee's acknowledged actual receipt of the notice of appeal. (*Skees v. Growmark, Inc.* (1987), 158 Ill. App. 3d 842, 511 N.E.2d 982.) Also, if the correct date is specified, the notice of appeal is defective only if it describes an order other than the order entered on the date specified. (See *Place v. Improvement Federal Savings & Loan Association* (1962), 24 Ill. 2d 245, 181 N.E.2d 94.) Accordingly, defendants' argument fails because Underwriters was served with a copy of the notice of appeal which specified the correct date of the order appealed from and did not describe an order other than the order entered on the date specified.

II

■ Defendants maintain next that summary judgment in favor of GAB must be affirmed because plaintiff did not preserve its appeal with respect to Underwriters, GAB's disclosed principal, and cannot sue GAB as Underwriters' agent. Defendants' argument fails, however, because of our conclusion above that plaintiff preserved its appeal with respect to Underwriters.

III

Defendants maintain next that the written agreement between plaintiff and John Washington is an unenforceable contract to make a future assignment. Defendants argue that the agreement is a contract

to make a future assignment because the agreement makes the assignment contingent on the occurrence of a future event, namely plaintiff not repairing the damaged building.

Plaintiff maintains that the agreement is not a contract to make a future assignment, but rather a valid assignment of a present right to future insurance proceeds. Plaintiff argues that to construe the agreement as a contract to make a future assignment is not consistent with the plain intention of the parties to ensure plaintiff's compensation from the insurance proceeds for its efforts in adjusting, preparing, and negotiating the claim.

■ An insured's claim under a policy may be assigned after the loss. (*Ginsburg v. Bull Dog Auto Fire Insurance Association* (1928), 328 Ill. 571, 574, 160 N.E.2d 145; *Brown v. State Farm Fire & Casualty Corp.* (1975), 33 Ill. App. 3d 889, 894, 338 N.E.2d 427.) The creation and existence of an assignment is determined according to the intention of the parties and that intention is a question of fact derived from the instruments executed as well as the surrounding circumstances. (*Rivan Die Mold Corp. v. Stewart-Warner Corp.* (1975), 26 Ill. App. 3d 637, 642, 325 N.E.2d 357.) Although we have found no Illinois cases directly on point, there is authority for the proposition that an obligee's promise to make an assignment in the future is not an assignment creating a right in the promisee against the obligor. See Restatement (Second) of Contracts §330(1) (1981); 4 Corbin on Contracts §877 (1951).

■ In this case, the language of the document supports defendants' position that the document was not an assignment, but rather a promise to make an assignment in the future if and when plaintiff did not repair the building. The "surrounding circumstances," however, in particular plaintiff's entirely reasonable expectation that it would be compensated for services performed and receive, at a minimum, 10% of the insurance proceeds, support plaintiff's position that the document manifests an intent to make a present assignment of insurance proceeds. Because different interpretations are possible, we believe that a material question of fact exists concerning the intent of the parties to the agreement and that this issue was not properly resolved on defendants' motion for summary judgment.

## IV

Defendants maintain next that the agreement is unenforceable because it was a partial assignment to which Underwriters did not consent. Plaintiff maintains that the rule, that partial assignments are not valid absent the third party's consent, is not the law in Illinois

and, in any event, Underwriters consented to the assignment through its acquiescence upon receipt of notice of the assignment.

■ A partial assignment of an instrument is not binding on the obligor absent the obligor's consent. (*Standard Discount Co. v. Metropolitan Life Insurance Co.* (1944), 321 Ill. App. 220, 224, 53 N.E.2d 27.) The reason for this rule, however, that the obligor "might not be vexed twice by the same action," is no longer compelling because of the civil practice rules requiring joinder of necessary parties. (See *Bain v. Financial Security Life Insurance Co.* (1977), 53 Ill. App. 3d 702, 706, 368 N.E.2d 1023.) Although the rule against partial assignments has been questioned, it has never been squarely rejected and still appears to be the law in Illinois.

■ In this case, application of the rule does not require entry of summary judgment in favor of defendants because a question of fact exists as to whether defendants consented to the partial assignment. It is not disputed that defendants received notice of the assignment. Whether defendants consented to the assignment might be inferred from their silence and, in any event, is a question for the trier of fact.

## V

■ Defendants maintain that plaintiff is barred from recovering against defendants under the Probate Act of 1975 (Ill. Rev. Stat. 1987, ch. 110½, par. 18–12), because it never filed a claim in the probate proceeding. Defendants argue that the insurance proceeds were assets of the estate subject to the jurisdiction of the probate court and plaintiff's failure to file a claim in the probate proceeding bars this action.

Defendants' argument, however, is plainly without merit. The statutory probate bar does not apply here because the present suit is not against John Washington's estate, but rather against defendants for their wrongful failure to honor the assignment. We know of no authority barring plaintiff from suing defendants on the ground that it is barred from recovering against the estate. It does not follow, as defendants suggested during oral arguments in this case, that failure to apply the statutory probate bar will result in a payment to plaintiff that has already been made to the estate. Plaintiff was not a party to the settlement agreement and it is possible that defendants settled with the estate for a lesser amount in anticipation of plaintiff's assertion of its rights under the assignment. It is entirely speculative for us to assume that a double payment by the insurer would result if this action is not barred.

## VI

■ Defendants maintain next that this suit is an impermissible attack on the manner of distribution of the settlement money in the suit by Josephine Washington against Underwriters made pursuant to court order.

Defendants' argument, however, must fail. Payment by the obligor to the assignor is valid as against the assignee only in the absence of notice to the obligor. (*Wain v. Kravitz* (1944), 324 Ill. App. 488, 496, 58 N.E.2d 626.) Once the obligor is on notice of the assignment, a settlement and release with the assignor will not defeat the assigned right. (See *McHenry Hospital v. Metropolitan Life Insurance Co.* (N.D. Ill. 1983), 578 F. Supp. 122.) We do not find these principles distinguishable in the present case on the ground that the settlement agreement was approved by court order.

## VII

■ Defendant maintains next that plaintiff waived its right to assert the present claim by failing to file a claim in the probate proceeding and failing to intervene in Josephine Washington's circuit court case. We disagree.

There is no authority supporting defendants' position that an assignee waives its rights against the obligor by failing to make a claim against the assignor's estate. *In re Estate of Trahey* (1975), 25 Ill. App. 3d 727, 323 N.E.2d 813, relied on by defendants, is inapposite. In that case, the plaintiff waived her right against the deceased's estate to funds in an account held jointly with the deceased. There is no suggestion in the opinion that she waived any rights with respect to a third party. Furthermore, an assignee's claim to a valid *inter vivos* assignment of a debt due decedent is not a claim against the estate. *Taylor v. Continental Illinois National Bank & Trust Co.* (1975), 26 Ill. App. 3d 610, 325 N.E.2d 444.

## VIII

■ Finally, defendants maintain that summary judgment in their favor was properly granted because plaintiff failed to comply with "An Act relating to certain agreements in connection with fire insurance claims" (Ill. Rev. Stat. 1977, ch. 29, par. 81) (the Act). Defendants argue that the agreement with John Washington was unenforceable under the Act because plaintiff did not provide Washington with a copy of the Act, did not provide him with an address to which notice of cancellation could be sent, and did not date the agreement.

Contrary to defendants' assertion, however, the agreement con-

tains John Washington's acknowledgement that he received a copy of the Act and clearly indicates plaintiff's address, the obvious place to which notice of cancellation should be sent. Moreover, as plaintiff correctly notes, the agreement is not invalid because it was not dated. Where a copy of the Act and an address have been provided, as in this case, the date of the agreement is irrelevant because the 10-day cancellation period commences from the date of the fire.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and this cause is remanded.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.