LOUIS PAUKOVITZ, Plaintiff-Appellant, v. IMPERIAL HOMES, INC., Defendant-Appellee.

Third District    No. 3—94—0715

Opinion filed April 6, 1995.—Rehearing denied May 16, 1995.

White, Marsh, Anderson, Brusatte, Vickers & Deobler, of Ottawa (Eric B. Deobler, of counsel), for appellant.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Thomas K. Hannekamp, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Louis Paukovitz (Paukovitz), filed suit against the defendant, Imperial Homes (Imperial), claiming breach of implied warranty of habitability, breach of third-party beneficiary contract, and negligent misrepresentation. The trial court dismissed the plaintiff's claims for failure to state a cause of action. We affirm the trial court's decision on the counts for implied warranty of habit-

ability and negligent misrepresentation, but reverse and remand on the count based on breach of a third-party beneficiary contract.

When Paukovitz decided to build a home on a parcel of land he owned, he contacted Vignali Builders (Vignali). The parcel upon which Paukovitz wanted to build this home was situated on a hillside and Paukovitz wanted to build the home into the hillside so that the basement door on the southeastern portion of the house would be at ground level. Vignali told Paukovitz that Imperial might be able to design the kind of home he wanted and would also be able to sell the shell materials for the home to Vignali.

Paukovitz contacted Imperial and commenced negotiations with it for the design of the home and the sale of the shell materials for the home. An agent for Imperial came to the Paukovitz site and inspected it along with Paukovitz and Vignali. Imperial invited Paukovitz to come to its headquarters in Charleston, Illinois, to see how the homes were designed and constructed. After Paukovitz rejected several designs, Imperial and Paukovitz agreed on a design known as "Lou Paukovitz 88-14."

In June 1988, Vignali and Imperial entered into a contract for Vignali to purchase the plans and materials for the Paukovitz home. Approximately one month later, Paukovitz entered into a contract with Vignali to build the home on the Marseilles property. The contracts were virtually identical. The contract between Vignali and Imperial refers to the home plans as "Lou Paukovitz 88-14".

Subsequent to the construction of the home, Paukovitz discovered that the basement walls were improperly supported and this lack of support was causing structural damage to the home. Because of this defect in the home, Paukovitz sued Imperial. His second amended complaint contained a count for breach of implied warranty of habitability. That count was dismissed by the trial court without leave to replead. The third amended complaint contained claims for breach of third-party beneficiary contract, brought by Paukovitz as a third-party beneficiary of the contract between Vignali and Imperial, and for negligent misrepresentation. These claims were dismissed with prejudice as well.

## IMPLIED WARRANTY OF HABITABILITY

Illinois courts recognize an implied warranty of habitability arising out of contracts for sales of homes between builder-vendors and buyers. (*Petersen v. Hubschman Construction Co.* (1979), 76 Ill. 2d 31, 389 N.E.2d 1154.) In order to prevail, the plaintiff must prove that the defendant was the builder-vendor of the home. *Wiersema v. Workman Plumbing, Heating & Cooling, Inc.* (1980), 87 Ill. App. 3d 535, 409 N.E.2d 159.

■ It is undisputed that Imperial did no construction work on Paukovitz' home. It only supplied the shell materials and the plans which Vignali then used to construct the residence. The parties do not cite, and we are unable to find, any reported cases in which a court held that the supplier of plans and shell materials was a builder-vendor for the purposes of the implied warranty of habitability. Moreover, in every case cited by Paukovitz to support his contention that Imperial was the builder-vendor, the defendant had conducted some kind of construction work on the home in question. Inasmuch as Imperial did not contribute to the actual construction of Paukovitz' home, we find that it was not a builder-vendor which could be held liable for the breach of the implied warranty of habitability.

## THIRD-PARTY BENEFICIARY CONTRACT

A person who is not a party to a contract may nevertheless sue based on the contract if that person is directly benefitted by the contract. (*People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1980), 78 Ill. 2d 381, 400 N.E.2d 918.) The benefit must be direct to the person asserting third-party beneficiary status; an incidental benefit is not a sufficient basis for the claim. (*Wheeling Trust & Savings Bank v. Tremco Inc.* (1987), 153 Ill. App. 3d 136, 505 N.E.2d 1045.) A person's status as third-party beneficiary depends upon the intent of the parties to the contract and must be determined on a case-by-case basis. (*Midwest Concrete Products Co. v. La Salle National Bank* (1981), 94 Ill. App. 3d 394, 418 N.E.2d 988.) Circumstances surrounding the execution of the contract may be considered (*155 Harbor Drive Condominium Association v. Harbor Point Inc.* (1991), 209 Ill. App. 3d 631, 568 N.E.2d 365), but the alleged third-party beneficiary must be expressly named in the contract (*Wheeling Trust*, 153 Ill. App. 3d 136, 505 N.E.2d 1045).

■ In the case at bar, it is clear that both Vignali and Imperial knew that Paukovitz was going to be the owner and occupier of the home in question. Indeed, Imperial negotiated extensively with Paukovitz and actively sought to complete the sale of the home to him through Vignali. Paukovitz' name appears on the contract between Vignali and Imperial. It would be inequitable to allow Imperial to engage in such a course of conduct and then deny that Paukovitz had any interest whatsoever in the contract between Imperial and Vignali. Consequently, we hold that Paukovitz was a third-party beneficiary to the contract between Imperial and Vignali and as such may maintain a suit against Imperial based on that contract. The trial court's decision to the contrary was in error.

Imperial argues that there was no direct benefit to Paukovitz as a result of the contract between it and Vignali. There is some case law which suggests that it is not enough that the person claiming third-party beneficiary status is the user or occupier of a building. (See *155 Harbor Drive*, 209 Ill. App. 3d 631, 568 N.E.2d 365; *Waterford Condominium Association v. Dunbar Corp.* (1982), 104 Ill. App. 3d 371, 432 N.E.2d 1009.) However, in *Levan v. Richter* (1987), 152 Ill. App. 3d 1082, 504 N.E.2d 1373, the court held that an in-ground swimming pool is a substantial direct benefit to the owner of the property and thus the owner was a third-party beneficiary to the contract between the pool distributor and the builder. Given the circumstances of this case and Paukovitz' active involvement in the sale of the home by Imperial to Vignali, we find that Paukovitz was directly benefitted by the contract.

## NEGLIGENT MISREPRESENTATION

In Illinois, a cause of action for negligent misrepresentation may be allowed only if the defendant is in the business of supplying information for the guidance of others in their business transactions with third parties. (*Knox College v. Celotex Corp.* (1983), 117 Ill. App. 3d 304, 453 N.E.2d 8.) In the case at bar, Imperial supplied information regarding the proper foundation for the house only to the extent that it supplied the dimensions necessary for a foundation that would support the home it had designed. It made no representations about the adequacy of the foundation with regard to the surrounding hillside. Therefore, we hold that Imperial is not in the business of supplying information in the sense contemplated by courts which have recognized the cause of action for negligent misrepresentation.

Accordingly, we affirm the judgment of the circuit court of La Salle County with regard to Paukovitz' claims for breach of implied warranty of habitability and negligent misrepresentation but reverse the judgment with regard to breach of the third-party beneficiary contract and remand for further proceedings.

Affirmed in part; reversed in part and remanded.

STOUDER, P.J., and McCUSKEY, J., concur.