ANTHONY BERNOT et al., Plaintiffs-Appellants, v. PRIMUS CORPORATION, Defendant-Appellee (S&S Excavating Company, Defendant).

Second District   No. 2—95—1112

Opinion filed March 28, 1996.

Fred T. Myers, of Geneva, for appellants.

Margaret A. Gisch and Bruce A. Brown, both of Goldsmith, Thelin, Dickson & Brown, of Aurora, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Anthony and Maureen Bernot, own a house and lot they purchased from a general contractor (the builder). The builder became insolvent and is now defunct. After entering into the contract, plaintiffs discovered that the house had serious structural problems which appeared to have resulted either from improper grading and filling of the soil or from defects in the soil itself.

Plaintiffs filed a two-count complaint against defendants, S&S Excavating Company (S&S), a subcontractor which performed grading work on the lot prior to the purchase, and Primus Corporation, from which the builder purchased the land. The trial court dismissed the count against Primus for failure to state a cause of action for subrogation. Plaintiffs settled with S&S, and S&S was dismissed with prejudice.

Plaintiffs appeal the dismissal of Primus, arguing that plaintiffs' complaint sufficiently stated a cause of action for subrogation against Primus. Plaintiffs argue that they should be able to recover what they spent to repair the damages plaintiffs contend Primus caused by breaching its contract with the builder. Although admittedly plaintiffs were not in privity with Primus, they contend that it would be inequitable to deprive them of the chance to assume the rights of the defunct builder and hold Primus accountable for damages that

plaintiffs incurred and for which plaintiffs allege Primus is ultimately responsible. We affirm.

■ In deciding a motion to dismiss, the court takes all well-pleaded facts as true and draws all reasonable inferences therefrom in the plaintiff's favor. *Kolegas v. Heftel Broadcasting Corp.*, 154 Ill. 2d 1, 8-9 (1992). A motion to dismiss attacks the legal sufficiency of the complaint and must be granted if the well-pleaded facts do not state a cause of action for which relief may be granted. *Dix Mutual Insurance Co. v. LaFramboise*, 149 Ill. 2d 314, 318-19 (1992); *In re Marriage of Siegel*, 271 Ill. App. 3d 540, 543 (1995).

Primus asserts that plaintiffs' complaint does not properly state an action for subrogation, and therefore, plaintiffs are not entitled to relief. First, the complaint fails to allege that plaintiffs are *legally obligated* to pay the debt of another or that plaintiffs' expenditures for repairing their home were made pursuant to such a legal obligation. Second, the complaint does not even allege that the existence of such an obligation from Primus to the defunct builder had been established.

■ An examination of Illinois case law supports Primus' argument. Our supreme court has recently defined the doctrine of subrogation as "a method whereby one who has *involuntarily paid a debt or claim of another* succeeds to the rights of the other with respect to the claim or debt so paid." (Emphasis added.) *Dix Mutual Insurance*, 149 Ill. 2d at 319. Earlier, the supreme court had defined the doctrine as one under which "a person who, *pursuant to a legal liability, has paid* for a loss or injury resulting from the negligence or wrongful act of another, will be subrogated to the rights of the injured person against such wrongdoer." (Emphasis added.) *Geneva Construction Co. v. Martin Transfer & Storage Co.*, 4 Ill. 2d 273, 283 (1954). Numerous other Illinois opinions state that recovery via subrogation is available only where the plaintiff is under a *legal obligation* to pay the debt of another. See, *e.g., Gable v. Reznick*, 183 Ill. App. 3d 171, 173 (1989); *Inland Real Estate Corp. v. Tower Construction Co.*, 174 Ill. App. 3d 421, 429-30 (1988).

In *M-Z Construction*, a case which both parties cite on appeal, the court dismissed a complaint for subrogation for failure to state a cause of action. *Illinois Housing Development Authority v. M-Z Construction Corp.*, 110 Ill. App. 3d 129 (1982). One of the plaintiffs, the lender for a construction project, sought to be subrogated to the contractual rights of the owner-borrower against the architect. *M-Z Construction*, 110 Ill. App. 3d at 131. The lender alleged that the architect had breached the contract in numerous respects, such as by failing to conduct a proper soil test or to design the buildings in ac-

cordance with professional standards. The lender had disbursed a large sum in connection with the project, and it alleged that the architect's breaches impaired its security interest in the property. The appellate court rejected the lender's subrogation theory, as the complaint failed to allege that, pursuant to a legal liability, the lender had paid for the injury to the owner. *M-Z Construction*, 110 Ill. App. 3d at 142.

■ The present complaint is similarly deficient. Although practical necessity may have caused plaintiffs to spend money to repair their property, such payment does not make them the builder's subrogees. Moreover, based on the facts in the case at bar, the long-standing privity requirement for the recovery of economic loss necessitates the rejection of a right of action under a subrogation theory. See *Lehmann v. Arnold*, 137 Ill. App. 3d 412 (1985).

Under the *Moorman* doctrine, recovery for economic loss—the loss of the benefit of one's bargain—ordinarily is available only in contract and not in tort. *Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d 69, 91-92 (1982). Under Illinois law, the action here is one to recover for economic loss. See *Redarowicz v. Ohlendorf*, 92 Ill. 2d 171 (1982) (homebuyer who sued builder for damages from defective workmanship was seeking recovery for disappointed contractual expectations and hence economic loss). With exceptions not pleaded or applicable here, a viable action for economic loss requires the plaintiff to be in contractual privity with the Primus Corporation. *Szajna v. General Motors Corp.*, 115 Ill. 2d 294, 309-11 (1986).

The continuing applicability of the privity requirement is evident from *Lehmann*, 137 Ill. App. 3d 412, a case with facts similar to the facts here. In *Lehmann*, the buyers of a new house sought to recover, under a theory of implied warranty of habitability, against the party that sold the land to the builder-developer. The appellate court rejected this attempt to extend the implied warranty of habitability to a defendant other than the builder with whom the purchaser was in privity. *Lehmann*, 137 Ill. App. 3d at 424. The court noted that *Redarowicz*, 92 Ill. 2d 171, extended the benefit of the implied warranty of habitability to subsequent purchasers, but refused to extend liability to a previous seller of the land. *Lehmann*, 137 Ill. App. 3d at 416-17.

Furthermore, although noting that one court has held that a subcontractor may be liable under an implied warranty theory if the builder-vendor is insolvent (see *Minton v. The Richards Group*, 116 Ill. App. 3d 852 (1983) (discussed in *Lehmann*, 137 Ill. App. 3d at 417-18)), *Lehmann* properly questioned whether, under *Redarowicz*, the

builder's later solvency was relevant to whether the subcontractor originally made an implied warranty to the purchaser. *Lehmann*, 137 Ill. App. 3d at 418. Recognizing the force of the privity requirement, the *Lehmann* court refused to create any liability against the seller of the land, explaining that "[w]e cannot concur in the view that plaintiffs must have a warranty action against someone other than the builder simply because the builder went bankrupt." *Lehmann*, 137 Ill. App. 3d at 418.

We believe that allowing recovery for plaintiffs under a theory of subrogation would undermine the privity requirement as recognized in the *Moorman* line of cases, and in particular in *Lehmann*. With no allegation that plaintiffs and Primus were in privity, allowing plaintiffs a subrogation action would run afoul of this well-established case law. In effect, it would carve out an exception to the privity requirement that is inconsistent with the *Moorman* doctrine.

Plaintiffs rely heavily on several cases from the federal courts or other jurisdictions. See *American National Bank & Trust Co. v. Weyerhaeuser Co.*, 692 F.2d 455 (7th Cir. 1982); *National Cash Register Co. v. Unarco Industries, Inc.*, 490 F.2d 285 (7th Cir. 1974); *Williams v. Hair Stadium, Inc.*, 334 N.W.2d 354 (Iowa App. 1983). Of course, we are bound by neither federal cases interpreting Illinois law nor cases from sister states. To the extent that these opinions are inconsistent with Illinois law, we decline to follow them. These opinions are not wholly reconcilable with the *Moorman* doctrine and conflict with *Lehmann*'s application of the privity requirement. Not surprisingly, all three opinions were issued before *Lehmann*. Further, *National Cash Register*, on which the two later opinions are primarily based, was decided well before *Moorman*. Even so, the dissent in *National Cash Register* recognized that allowing subrogation would circumvent the privity barrier and thus undermine the traditional pre-*Moorman* limitations on contractual recovery. *National Cash Register*, 490 F.2d at 288-89 (Pell, J., dissenting). We agree, and therefore we find that the more recent case law of Illinois requires us to reject plaintiffs' arguments.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

McLAREN, P.J., and HUTCHINSON, J., concur.