A.J. MAGGIO COMPANY, Plaintiff-Appellant, v. COY WILLIS, d/b/a Willis Construction, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—99—3425

Opinion filed September 26, 2000.—Rehearing denied November 6, 2000.

Joel S. Siegel, of Horvath & Lieber, P.C., of Chicago, for appellant.

Stephen R. Miller and Jill B. Lewis, both of O'Connor, Schiff & Myers, of Chicago, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

The Board of Education of Reed-Custer Community Unit School District 255U (School) entered into a contract with A.J. Maggio Co. (Maggio), a general contractor, for the construction of Braidwood Middle School, in Braidwood, Illinois. Maggio subcontracted with Willis Construction (Willis) to construct and install a sanitary and storm sewer. Willis is owned by Coy Willis.

Pursuant to the contract between Willis and Maggio, Willis agreed that if the materials or workmanship it furnished were deemed inadequate, Willis would perform the necessary repairs. If Willis failed to make these corrections, Maggio could deduct the cost sustained in making the necessary corrective work from the amount due Willis. Willis agreed that if this amount was insufficient to reimburse Maggio, it would pay the outstanding balance.

The contract between Maggio and Willis also required Willis to carry comprehensive general liability insurance and to name Maggio and others as additional insureds under the policy. Willis retained Tennant Insurance Agency (Tennant) to acquire the insurance. The insurance policy Tennant procured for Willis was written by Illinois Emcasco Insurance Company (Emcasco) and provided coverage from September 11, 1991, through September 11, 1992. The policy provided the correct type of insurance but failed to provide coverage to Maggio as mandated by the contract between Maggio and Willis.

Tennant issued a certificate of insurance to Maggio, which stated that Maggio was an additional insured on the policy, but in fact Maggio was not named as an additional insured on the policy. Subsequent to receiving the certificate of insurance, Maggio made requests to Tennant to be placed on the insurance policy as an additional insured. The architect and School were added to the policy on May 18, 1992, yet Maggio was not.

Emcasco renewed the policy from September 11, 1992, through September 11, 1993. Again, Maggio was not named as an additional insured. Maggio alleges that Emcasco failed to add Maggio to the policy after being requested to do so.

Shortly after Willis completed installation of the sanitary and storm sewer, sinkholes began to appear under driveways and sidewalks. Maggio requested Willis to perform the necessary corrective work. Willis refused.

Under its contract with the School, Maggio was ultimately responsible for any defective work. On October 12, 1993, the School notified Maggio that it should have the sewers fixed within seven days or the School would perform the repairs and back charge Maggio. Maggio hired another company to perform the repairs for $497,067. Maggio sent the bill to Willis but Willis refused to pay.

After Maggio had paid $497,067 to correct the defective work, the School, which was named as an additional insured on the insurance policy issued by Emcasco, executed a written assignment transferring and assigning to Maggio any causes of action that the School may have had against Emcasco. The assignment, which was executed on October 18, 1995, purportedly authorized Maggio to sue Emcasco to recover the $497,067 spent on corrective work.

On October 30, 1995, Maggio filed a two-count complaint, where count I named Willis as a defendant and count II named Willis, Emcasco, and Tennant as defendants. On February 22, 1996, the trial court dismissed without prejudice count II of Maggio's original complaint against Tennant pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)). On March 21, 1996, Maggio filed a two-count amended complaint, in which count I again named Willis as a defendant and count II named Willis, Tennant, and Emcasco as defendants. On May 28, 1996, the trial court dismissed without prejudice count II of Maggio's amended complaint against Tennant pursuant to section 2—615.

On June 25, 1996, Maggio filed its second amended complaint. The complaint contained four counts, which were: (1) count I, breach of contract against Willis, (2) count II, third-party breach of contract against Emcasco, (3) count III, assignment of cause of action against Emcasco, and (4) count IV, subrogation of cause of action against Emcasco. On July 15, 1996, Emcasco filed a motion to dismiss the second amended complaint pursuant to section 2—615 and section 2—619 of the Code of Civil Procedure. On August 22, 1996, the trial court granted Emcasco's motion to dismiss count II without prejudice. On September 11, 1996, Emcasco filed a separate motion to dismiss counts III and IV of the second amended complaint pursuant to section 2—615. On October 10, 1996, the trial court granted Emcasco's motion to dismiss counts III and IV.

On April 27, 1999, the trial court granted Maggio's motion to file an amended count II to its second amended complaint, which Maggio went on to file on May 10, 1999. On May 27, 1999, Emcasco filed a motion to vacate the order allowing Maggio to file an amended count II. On August 20, 1999, the trial court granted the motion to vacate. On August 27, 1999, the trial court denied Maggio leave to file an

amended count II and found that there was no just reason to delay enforcement or appeal of that order or the order of October 10, 1996, dismissing counts III and IV. Maggio appeals.

We affirm.

ANALYSIS

I

Maggio maintains the trial court erred in granting Emcasco's motion to dismiss its assignment claim, count III of the second amended complaint, for failure to state a cause of action. We disagree.

■ When a complaint is dismissed pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 1996)), the standard of review is *de novo. Vernon v. Schuster*, 179 Ill. 2d 338, 344, 688 N.E.2d 1172, 1175 (1997). The question presented by a section 2—615 motion to dismiss is whether the allegations of the complaint, when viewed in a light most favorable to the plaintiff, are sufficient to state a cause of action upon which relief can be granted. *Vernon*, 179 Ill. 2d at 344, 688 N.E.2d at 1175. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings that entitle the plaintiff to recover. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86-87, 672 N.E.2d 1207, 1214 (1996).

■ As a general rule, "[a]n assignment *** is the transfer of some identifiable property, claim or right from the assignor to the assignee." *Buck v. Illinois National Bank & Trust Co.*, 79 Ill. App. 2d 101, 106, 223 N.E.2d 167, 169 (1967). The assignment operates to transfer to the assignee all the right, title or interest of the assignor in the thing assigned. *American Sand & Gravel Co. v. Chicago Gravel Co.*, 184 Ill. App. 509 (1914). For an assignment to be valid, the assignor must either actually or potentially possess the thing that he attempts to assign. *North Chicago Street R.R. Co. v. Ackley*, 171 Ill. 100, 111, 49 N.E. 222, 226 (1897). "[T]he assignee can obtain no greater right or interest than that possessed by the assignor, inasmuch as one cannot convey that which he does not have." *Litwin v. Timbercrest Estates, Inc.*, 37 Ill. App. 3d 956, 958, 347 N.E.2d 378, 379-80 (1976).

According to Maggio, the School suffered damage from the defective sewer work and this damage entitled it to file a claim pursuant to the insurance policy written by Emcasco. Maggio contends that the School has assigned to it the right to place this claim.

■ According to Emcasco, however, Maggio's assignment claim was properly dismissed because the School had no claim under the policy in the first place. Emcasco relied upon one argument as to why

the School had no claim before the trial court and on appeal, and another in its petition for rehearing. We will address the two arguments in turn.

Emcasco successfully argued before the trial court that the School did not have a claim because it never incurred a loss. The School never incurred a loss, Emcasco explained, because it elected to require Maggio to have the repairs made. At that point, the argument proceeds, the School no longer had any basis for a claim with Emcasco. Emcasco's contention is not well founded. Webster's defines "loss" as follows: "[T]he amount of an insured's financial detriment due to the occurrence of a stipulated contingent event (as death, injury, destruction, or damage) in such a manner as to charge the insurer with a liability under the terms of the policy." Webster's Third New International Dictionary 1338 (1986). Accordingly, "damage" and "loss" are synonymous and any damage to the School's property constituted loss. We disagree with Emcasco's contention that any claim possessed by the School could not have been assigned to Maggio after Maggio had the damage repaired. An insured's claim under a policy may be assigned after a loss. *Service Adjustment Co. v. Underwriters at Lloyd's, London*, 205 Ill. App. 3d 329, 334, 562 N.E.2d 1046, 1049 (1990).

On petition for rehearing, Emcasco has introduced a new argument for its position the School never had a claim that it could have assigned to Maggio. We note that Emcasco has arguably waived this new argument since it did not raise it, either before this court or the court below, until the petition for rehearing. Supreme Court Rule 341(e)(7) provides: "Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 155 Ill. 2d R. 341(e)(7). See *Schlenz v. Castle*, 132 Ill. App. 3d 993, 477 N.E.2d 697 (1985). This rule applies to appellees as well as to appellants. *Drollinger v. Merrell*, 57 Ill. App. 3d 792, 799, 373 N.E.2d 407, 412 (1978).

Nevertheless, here, as elsewhere, the waiver rule is a limitation on the parties and not on the courts. *People v. Walsh*, 101 Ill. App. 3d 1146, 1149, 428 N.E.2d 937, 940 (1981). In this case, we choose to proceed to the merits of the new issue.

In its petition, Emcasco raised the issue that the policy in question was a commercial general liability policy and, thus, the School was only insured for liability and not for property damage.

> "[C]omprehensive general liability policies *** are intended to protect the insured from liability for injury or damage to the persons or property of others; they are not intended to pay the costs associated with repairing or replacing an insured's defective

work and products ***." *Qualls v. Country Mutual Insurance Co.*, 123 Ill. App. 3d 831, 833-34, 462 N.E.2d 1288, 1291 (1984).

The insurance policy reads in pertinent part: "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The amendment adding the school district provides that the policy "is amended to include as an insured the person or organization shown in the Schedule, but *only with respect to liability* arising out of 'your work' for that insured by or for you." (Emphasis added.)

Accordingly, in our view, the School never had a claim to assign and, thus, the dismissal of the count for assignment was proper.

## II

■ Maggio's subrogation claim fails for similar reasons. Subrogation is a method whereby one who has involuntarily paid a debt or claim of another succeeds to the rights of the other with respect to the claim or debt so paid. *Dix Mutual Insurance Co. v. LaFramboise*, 149 Ill. 2d 314, 319, 597 N.E.2d 622, 624 (1992). One who asserts a right of subrogation must step into the shoes of, or be substituted for, the one whose claim or debt he has paid and can only enforce those rights that the latter could enforce. *Dix*, 149 Ill. 2d at 319, 597 N.E.2d at 624. Recovery by subrogation is available only where the plaintiff is under a legal obligation to pay the debt of another. *Bernot v. Primus Corp.*, 278 Ill. App. 3d 751, 753, 663 N.E.2d 464, 466 (1996).

■ Maggio can only enforce by subrogation rights that the school could enforce. Once again, since the School did not have a claim under the policy, Maggio could not step into its shoes to enforce any such claim.

## III

Maggio further contends that Tennant had apparent authority to issue a certificate of insurance and obligate Emcasco to provide coverage to Maggio under the insurance policy. However, Emcasco argues that Maggio raised the issue of apparent authority neither in its original complaint nor in its second amended complaint. If an issue is not raised in a complaint, it cannot be considered on appeal. *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 534-35, 634 N.E.2d 1093, 1097 (1994). In response, Maggio argues it sufficiently alleged facts in count II of its second amended complaint that raised the issue of apparent agency. We disagree.

■ Apparent authority arises when the principal holds an agent out as possessing the authority to act on its behalf, and a reasonably prudent person, exercising diligence and discretion, would naturally assume the agent to have this authority in light of the principal's

conduct. *Gilbert v. Sycamore Municipal Hospital*, 156 Ill. 2d 511, 523, 622 N.E.2d 788, 795 (1993). To prove the existence of an apparent authority, the plaintiff must show: (1) the principal consented to or knowingly acquiesced in the agent's exercise of authority; (2) based on the actions of the principal and agent, the third person reasonably concluded that the party was an agent of the principal; and (3) the third person justifiably relied on the agent's apparent authority to his detriment. *Letsos v. Century 21-New West Realty*, 285 Ill. App. 3d 1056, 1065, 675 N.E.2d 217, 224 (1996).

■ Courts are to construe pleadings liberally, with the view to do substantial justice between the parties. *Disc Jockey Referral Network, Ltd. v. Ameritech Publishing*, 230 Ill. App. 3d 908, 912, 596 N.E.2d 4, 7 (1992). No pleading is defective in substance if it contains facts that reasonably inform the opposite party of the nature of the charge to be answered. *Skorek v. Przybylo*, 256 Ill. App. 3d 288, 289, 628 N.E.2d 738, 739 (1993). However, our review of the pleadings establishes that Maggio failed to adequately allege facts that would have reasonably informed Emcasco the issue of apparent authority was being raised. Specifically, Maggio makes no allegations that Emcasco held Tennant out as its agent.

■ A controlling case on this issue is *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 499, 675 N.E.2d 584, 592 (1996). In *Connick*, a complaint involving the same issue was considered by the Illinois Supreme Court. The *Connick* court held the complaint in that case insufficient and wrote: "In short, plaintiffs have alleged no facts to support a claim that Suzuki held out the local dealers as Suzuki's agents, thus giving them apparent authority." *Connick*, 174 Ill. 2d at 499, 675 N.E.2d at 592.

## IV

■ Maggio maintains that the circuit court erred in its refusal to allow Maggio leave to file an amended count II to its second amended complaint. The trial court's determination whether to allow or deny an amendment to a complaint is a matter of discretion and will not be reversed absent an abuse of discretion. *In re Estate of Hoover*, 155 Ill. 2d 402, 416, 615 N.E.2d 736, 742 (1993). The factors used when determining whether the trial court's denial of a motion to amend a complaint constituted an abuse of discretion are: (1) whether the proposed amendment will cure the defective pleading; (2) whether the proposed amendment would surprise or prejudice the opposing party; (3) whether the proposed amendment was timely filed; and (4) whether the movant had previous opportunities to amend. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273, 586 N.E.2d 1211, 1215-16 (1992).

■■ Maggio's amended count II alleges third-party beneficiary breach of contract against Emcasco. Emcasco argues the proposed amendment does not cure the defective pleading. According to Emcasco, the proposed amendment fails to effectively show that Maggio was an intended third-party beneficiary under the insurance policy between Emcasco and Willis and as such should be dismissed.

In Illinois, the promisor's intention must be evidenced by an express provision in the contract identifying the third-party beneficiary. *Wheeling Trust & Savings Bank v. Tremco Inc.*, 153 Ill. App. 3d 136, 140, 505 N.E.2d 1045, 1048 (1987). However, a person who is not a party to a contract may nevertheless sue based on the contract if that person is directly benefitted by the contract. *Paukovitz v. Imperial Homes, Inc.*, 271 Ill. App. 3d 1037, 1039, 649 N.E.2d 473, 475 (1995). A person's status as a third-party beneficiary depends upon the intent of the parties to the contract and must be determined on a case-by-case basis. *Paukovitz*, 271 Ill. App. 3d at 1039, 649 N.E.2d at 475. Liability to a third party must affirmatively appear from the contract's language and from the circumstances surrounding the parties at the time of its execution and cannot be expanded or enlarged simply because the situation and circumstances justify or demand further or other liability. *Ball Corp. v. Bohlin Building Corp.*, 187 Ill. App. 3d 175, 177, 543 N.E.2d 106, 107 (1989).

We need not make a decision as to whether Maggio could have adequately alleged a third-party breach of contract against Emcasco, however, for the ground that the trial court relied upon in refusing to allow the amendment, untimeliness, is sufficient. Maggio filed its original complaint on October 30, 1995. A little more than 3¹/₂ years later, on May 10, 1999, Maggio filed an amended count II.

An instructive case is *Wingate v. Camelot Swim Club, Inc.*, 193 Ill. App. 3d 963, 967, 550 N.E.2d 665, 668 (1990). In *Wingate*, the court held that filing an amended complaint four years after filing the original complaint was untimely. In the instant case, Maggio attempted to amend five months short of four years. In our view, Maggio's attempt to file an amended count II was untimely. Accordingly, we affirm the trial court's decision denying leave to amend count II alleging third-party breach of contract against Emcasco.

Affirmed.

McNULTY, P.J., and McBRIDE, J., concur.